

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

I Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

September 3, 1985

Honorable Tim R. Taylor
Titus County Attorney
P. O. Box 862
Mt. Pleasant, Texas    75455

Opinion No. JM-351

Re:    Whether a commissioners court may bar video cameras from a public meeting held under article 6252-17, V.T.C.S.

Dear Mr. Taylor:

You ask whether article 6252-17, V.T.C.S., the Texas Open Meetings Act, requires the commissioners court of Titus County to allow videotaping of its meetings.

The Open Meetings Act provides in part:

> All or any part of the proceedings in any public meeting of any governmental body as defined hereinabove may be recorded by any person in attendance by means of a tape recorder or any other means of sonic reproduction.

V.T.C.S. art. 6252-17, §2(1). This provision first appeared in the 1973 revision of the Open Meetings Act. Acts 1973, 63rd Leg., ch. 31, §2(1) at 46. The 1967 version of the Open Meetings Act did not expressly permit anyone to tape-record public meetings. Acts 1967, 60th Leg., ch. 271 at 597. A 1968 Attorney General Opinion considered whether the act required a commissioners court to allow its meetings to be broadcast live over the radio and taped for later broadcast. Attorney General Opinion M-180 (1968) determined that the phrase "open to the public" in section 1(a) of former article 6252-17, V.T.C.S., did not require the commissioners court to permit the live broadcast of its meetings or the taping thereof for later broadcast. See V.T.C.S. art. 6252-17, §2(a) (present codification of quoted language). The commissioners court had authority to make reasonable rules and regulations for its meetings and could prohibit the broadcast or tape-recording of its meetings. Attorney General Opinion M-180 (1968).

A Texas court has considered whether a school trustee had a statutory right to tape-record executive session proceedings of the board of trustees. In Zamora v. Edgewood Independent School District,

592 S.W.2d 649 (Tex. Civ. App. - Beaumont 1979, writ ref'd n.r.e.), the court determined that the trustee had no right to tape-record those proceedings over the objection of a majority of board members. The court stated as follows:

> We are of the opinion that significance should be attached to the fact that the Legislature specifically authorized the use of tape recorders at <u>public meetings</u> while it made no similar provisions for use at executive sessions of the same public body. Lacking any definitive or helpful interpretations of the statute, we invoke one of the maxims of statutory construction. (Footnote deleted).

592 S.W.2d at 649. The court stated the rule expressio unius est exclusio alterius: The expression of a specific limitation excludes all others. It continued as follows:

> Having specifically approved the use of the recording devices in the public meetings, the Legislature necessarily denied the use of such devices in executive sessions.

<u>Id.</u> at 650.

Attorney General Opinion M-180 and <u>Zamora v. Edgewood Independent School District</u> support the proposition that the Open Meetings Act includes no implied right to tape-record meetings. Any such right must be based on express legislative authorization. These authorities also support the conclusion that the Open Meetings Act does not impliedly permit a member of the public to videotape public meetings.

The 1973 addition of section 2(i) to the act expressly granted members of the public the right to record meetings by a means of <u>sonic</u> reproduction. The dictionary defines "sonic" as follows: "utilizing, produced by, or relating to <u>sound</u> waves." Webster's Third New International Dictionary 2173 (1961). (Emphasis added). This provision does not give members of the public a right to videotape meetings. In the absence of a specific provision permitting a member of the public to record its meetings by videotape, the commissioners court may prevent the videotaping of its meetings held pursuant to the Open Meetings Act. <u>See generally</u> Attorney General Opinion H-188 (1973). The commissioners court may allow its public meetings to be videotaped, but the Open Meetings Act does not entitle members of the public to videotape the meetings over the objections of the court.

## S U M M A R Y

Article 6252-17, V.T.C.S., the Texas Open Meetings Act, does not require the commissioners court of Titus County to allow videotaping of its meetings.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood